Helene M. Freeman
hfreeman@phillipsnizer.com
Jeremy Richardson
jrichardson@phillipsnizer.com
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103
(212) 977-9700

*Attorneys for Plaintiff CROSSLAND ASSOCIATE, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| CROSSLAND ASSOCIATE, INC., | : Civil Action No.  15 cv 9646 |
| Plaintiff, | : **COMPLAINT** |
| v. | : |
| STANDARD FABRICS INTERNATIONAL, INC., | : |
| Defendant. | : |

---------------------------------------------------------------- x

Plaintiff Crossland Associate, Inc. ("Crossland"), by and through their undersigned

counsel, complains of defendant Standard Fabrics International, Inc. ("Standard Fabrics"), and

allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for a declaratory judgment arising under the copyright laws of

the United States, 17 U.S.C. § 101, *et seq.* By this action, Plaintiff seeks a declaration that it has

not infringed upon Standard Fabrics' purported copyright in a textile design allegedly titled

"7887" (the "7887 Design"), as set forth herein.

1

**JURISDICTION AND VENUE**

*2.*     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq.,* and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) since this action arises under the Copyright Act, Standard Fabrics conducts business in this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

**THE PARTIES**

4.     Crossland is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1410 Broadway, 27th floor, New York, New York 10018.

5.     Crossland is a wholesaler of women's garments.

6.     Upon information and belief, Standard Fabrics is a corporation organized and existing under the laws of the State of California, with its principal place of business at 935 E 12th Street, Los Angeles, California 90021.

7.     Upon information and belief, Standard Fabrics is in the business of importing and/or selling fabrics, including fabrics incorporating various print designs, to its customers in the United States and the State of New York.

8.     Upon information and belief, Standard Fabrics transacts business within the State of New York and within this judicial district, derives revenue from intrastate and interstate commerce, and is otherwise subject to the jurisdiction of this Court.

9.     Standard Fabrics contacted Crossland at its New York office and threatened to use its copyright to prevent Crossland from selling its garments in this district.

1269088.1

10.     Since Crossland and Standard Fabrics each regularly transact business in the State of New York and within this judicial district, and the claim concerns Standard Fabrics' threat directed to Crossland in the Southern District of New York, jurisdiction in this Court is appropriate.

## FACTS GIVING RISE TO THIS ACTION

11.     Standard Fabrics is the purported owner of Copyright Registration No. VA 1-900-467 (the "Copyright Registration").

12.     According to the U.S. Copyright Office's Public Catalog, the Copyright Registration is for a collection of two-dimensional artworks titled "Spring Summer 2014, Collection 2" which was first published as a collection on September 13, 2013, and was registered as a published collection on January 2, 2014.

13.     In connection with its wholesale garment business, Crossland sold certain garments (the "Accused Garments") made with fabric incorporating a print design (the "Accused Design").

14.     Sometime after September 21, 2015, Crossland received a letter from Trevor W. Barrett of the law firm Doniger/Burroughs as counsel for Standard Fabrics.

15.     In his letter, Mr. Barrett contends, *inter alia,* that Standard Fabrics is the owner of the Copyright Registration and that the copyrighted work that is the subject of the Copyright Registration is titled 7887 (the "7887 Design").

16.     Mr. Barrett further asserts in his letter that Crossland is "currently selling products, including without limitation, garments, which bear artwork that appears to be copied from [Standard Fabrics'] proprietary fabric designs;" that the "unauthorized exploitation by [Crossland] is damaging [Standard Fabrics] and limiting its ability to monetize the fabric design;" that the "fabric design used by [Crossland] appears to be a direct copy of [Standard

3

Fabrics'] above-referenced proprietary fabric design;" and that Crossland's "unauthorized use of [Standard Fabrics'] fabric design violates 17 U.S.C. §§ 501 …."

17.     Mr. Barrett demands that that Crossland "immediately **cease and desist** from any and all uses of [Standard Fabrics'] fabric design." A true and correct copy of Mr. Barrett's letter to Crossland is attached hereto as Exhibit A.

18.     Upon information and belief, Standard Fabrics objects to all offers to sell and sales by Crossland of the Accused Garments and any other garments incorporating the Accused Design on the basis that such garments do or will infringe Standard Fabrics' purported copyright in the 7887 Design.

19.     By virtue of the foregoing, Crossland is compelled to seek a declaration from this Court that the Accused Garments do not infringe Standard Fabrics' purported copyright in the 7887 Design.

## FIRST CLAIM FOR RELIEF
### Declaration of Non-Infringement

20.     The allegations set forth in paragraphs 1 through 19 hereof are adopted and incorporated by reference as if fully set forth herein.

21.     An actual controversy has arisen and now exists between Crossland and Standard Fabrics concerning whether Crossland has infringed Standard Fabrics' purported copyright in the 7887 Design.

22.     Crossland has offered for sale and/or sold garments alleged to infringe Standard Fabrics' copyright.

23.     Crossland contends that the Accused Design is not substantially similar to those elements of the 7887 Design that are copyrightable subject matter, if any, and that the Accused

1269088.1

Design does not infringe any valid copyright rights belonging to Standard Fabrics, including but not limited to Copyright Registration.

24.     By virtue of the foregoing, Crossland seeks a judicial determination that it has not infringed the Copyright Registration.

25.     A judicial declaration as to the parties' respective rights is necessary and appropriate.

## SECOND CLAIM FOR RELIEF
### Declaration of Non-Infringement

26.     The allegations set forth in paragraphs 1 through 19 and 21 through 25 hereof are adopted and incorporated by reference as if fully set forth herein.

27.     Upon information and belief, the author of the Accused Design independently created the Accused Design without knowledge of or access to the 7887 Design.

28.     As such, neither the Accused Design nor the Accused Garments infringe the Copyright Registration.

29.     By virtue of the foregoing, Crossland seeks a judicial determination that it has not infringed the Copyright Registration.

30.     A judicial declaration as to the parties' respective rights is necessary and appropriate.

## THIRD CLAIM FOR RELIEF
### Declaration of Non-Infringement

31.     The allegations set forth in paragraphs 1 through 19, 21 through 25 and 27 through 30 hereof are adopted and incorporated by reference as if fully set forth herein.

32.     Crossland, or Crossland's garment manufacturer, purchased fabric incorporating the Accused Design, from which the Accused Garments were manufactured, from a vendor outside the United States.

1269088.1

33.     The vendor who sold the fabric incorporating the Accused Design did so lawfully outside the United States.

34.     By virtue of the foregoing, Crossland seeks a judicial determination that it has not infringed the Copyright Registration.

35.     A judicial declaration as to the parties' respective rights is necessary and appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crossland Associate, Inc. prays for judgment as follows:

A.     For judgment declaring that the Accused Garments do not infringe any valid copyright belonging to Standard Fabrics, including but not limited to Copyright Registration No. VA 1-900-467;

B.     For an award of Crossland's costs, expenses, and reasonable attorney's fees as permitted by law; and

C.     For such other and further relief as the Court shall deem appropriate.

Dated:  New York, New York
        December 9, 2015

PHILLIPS NIZER LLP


By: _/s/ Jeremy D. Richardson_
Helene M. Freeman
Jeremy D. Richardson
Attorneys for Plaintiff
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700

1269088.1